THE HONORABLE ROBERT S. LASNIK

1

2

3

4

5

6                            U.S. DISTRICT COURT
                       WESTERN DISTRICT OF WASHINGTON
7

8    AMY FRIEDMAN, JUDI MILLER, KRYSTAL
     HENRY-MCARTHUR, and LISA ROGERS on          NO. 2:16-mc-00166-RSL
9    behalf of themselves and all others similarly
     situated,                                   **RESPONSE TO NON-PARTY**
10                                               **AMAZON SERVICES, LLC'S**
                    Plaintiffs,                  **MOTION FOR A PROTECTIVE**
11                                               **ORDER**
            vs.
12
     GUTHY-RENKER LLC and WEN BY CHAZ            (Pending in the United States District
13   DEAN, INC.,                                 Court for the Central District of California
                                                 Case No. 2:14-cv-06009-ODW-AGR)
14                  Defendants.

15

16

17

18

19

20

21

22

23

24

25

26

27

TERRELL MARSHALL LAW GROUP PLLC
936 North 34th Street, Suite 300
Seattle, Washington 98103-8869
TEL. 206.816.6603 • FAX 206.319.5450
www.terrellmarshall.com

1

2

# TABLE OF CONTENTS

Page No.

3

I.      INTRODUCTION AND FACTUAL BACKGROUND.....................................................1

4

II.     SUMMARY OF ARGUMENT.........................................................................4

5

III.    ARGUMENT .................................................................................................5

6

      A.      Plaintiffs' Single Request Is Narrowly Tailored and Not Burdensome ................5

7

      B.      Plaintiffs' Single Request Does Not Violate Amazon's Privacy Policy ...............7

8

      C.      Amazon's Claim of Cumulative Burden is Unsubstantiated and
            Irrelevant to the Instant Subpoena.....................................................9

9

10

      D.      Direct Notice is the Best Notice Practicable .......................................................11

11

V.      CONCLUSION .................................................................................................12

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

RESPONSE TO NON-PARTY AMAZON SERVICES,
LLC'S MOTION FOR A PROTECTIVE ORDER - i

**TERRELL MARSHALL LAW GROUP PLLC**
936 North 34th Street, Suite 300
Seattle, Washington  98103-8869
TEL. 206.816.6603 • FAX 206.319.5450
www.terrellmarshall.com

1

## TABLE OF AUTHORITIES

2
**Page No.**

3
## FEDERAL CASES

4
*Amazon.com LLC v. Lay*,
5
    758 F.Supp.2d 1154 (W.D. Wash 2010) ....................................................8, 9

6
*Arista Records LLC v. Lime Grp. LLC*,
    2011 WL 679490 (W.D. Wash. Feb. 9, 2011) ...........................................5, 6
7

8
*Berland v. Mack*,
    48 F.R.D. 121 (S.D.N.Y. 1969) ......................................................................12

9
*Connett v. Justus Enterprises of Kansas, Inc.*,
10
    1991 WL 58356 (D. Kansas Apr. 5, 1991).....................................................12

11
*Cusumano v. Microsoft Corp.*,
    162 F.3d 708 (1st Cir. 1998) ...........................................................................6
12

13
*Dart Indus. Co. v. Westwood Chem. Co.*,
    649 F.2d 646 (9th Cir. 1980) ...........................................................................6

14
*Davis Enterprises v. U.S. E.P.A.*,
15
    877 F.2d 1181 (3rd Cir. 1989)..................................................................10, 11

16
*Eisen v. Carlisle & Jacquelin*,
17
    417 U.S. 156 (l 974) .......................................................................................11

18
*Exxon Shipping Co. v. U.S. Dept. of Interior*,
    34 F.3d 774 (9th Cir. 1994) ...........................................................................10
19

20
*In re Franklin Nat. Bank Sec. Litig.*,
    574 F.2d 662 (2nd Cir. 1978) .........................................................................12

21
*Moon v. SCP Pool Corp.*,
22
    232 F.R.D. 633 (C.D. Cal. 2005).....................................................................6

23
*Moore v. Armour Pharmaceuticals*,
    927 F.2d 1194 (11th Cir. 1991) .....................................................................10
24

25
*Mullane v. Central Hanover Bank & Trust Co.*,
    339 U.S. 306 (1950) .......................................................................................11

26

27

**TERRELL MARSHALL LAW GROUP PLLC**
936 North 34th Street, Suite 300
Seattle, Washington  98103-8869
TEL. 206.816.6603 • FAX 206.319.5450
www.terrellmarshall.com

RESPONSE TO NON-PARTY AMAZON SERVICES,
LLC'S MOTION FOR A PROTECTIVE ORDER - ii

1

*Ostrowski v. Amazon.com, Inc.*,
    No. C16-1378-JCC, 2016 WL 4992051 (W.D. Wash. Sept. 16, 2016) ...........................9

2

3

*Peil v. Nat'l Semiconductor Corp.*,
    1986 WL 11699 (E.D. Pa. Oct. 16, 1986) .....................................................................12

4

*Solomon v. Nassau Cnty.*,
    274 F.R.D. 455 (E.D.N.Y. 2011)...........................................................................10, 11

5

6

**FEDERAL RULES**

7

Fed. R. Civ. P. 23 .......................................................................................................................11

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

RESPONSE TO NON-PARTY AMAZON SERVICES,
LLC'S MOTION FOR A PROTECTIVE ORDER - iii

TERRELL MARSHALL LAW GROUP PLLC
936 North 34th Street, Suite 300
Seattle, Washington  98103-8869
TEL. 206.816.6603 • FAX 206.319.5450
www.terrellmarshall.com

# I. INTRODUCTION AND FACTUAL BACKGROUND

The proponents of the subpoena here are the named Plaintiffs in a class action lawsuit that has been settled and is pending final approval in the United States District Court for the Central District of California captioned *Friedman, et al. v. Guthy-Renker LLC, et al.*, Case No. 2:14-cv-06009-ODW-AGR (C.D. Cal.) (Wright, J.) (the "Lawsuit").  The Lawsuit concerns allegations of false advertising, hair loss and scalp irritation stemming from use of WEN Haircare Products.  Defendants are the two companies that designed and manufactured the products at issue.  Amazon is a retailer who sold WEN Haircare Products to consumer class members.  The subpoena at issue seeks email or mailing addresses of customers who purchased WEN Haircare Products from Amazon and are members of the certified class.

By and through undersigned counsel, Plaintiffs respectfully move this Court, pursuant to Rule 45(d)(2)(B)(i), for an order compelling Amazon.com, Inc. ("Amazon"), to comply with a lawfully issued subpoena requesting the following:

> A complete list or any Documents providing a complete list of Amazon customers, including their names and contact information (mailing address and email address), along with any unique identification or reference numbers associated with these customers, who purchased WEN® Hair Care Product(s) in the United States from November 1, 2007 (or the first date Amazon sold WEN® Hair Care Products in the United States) to the present date. "WEN® Hair
>
> Care Products" shall refer to all hair care products marketed and sold under the WEN® brand, including but not limited to all fragrances and variations of Cleansing Conditioner, Re- Moist Mask, Treatment Mist Duo, Treatment Oil, SIXTHIRTEEN Ultra Nourishing Cleansing
>
> Treatment, Re Moist Intensive Hair Treatment, Styling Crème, Anti-Frizz Styling Crème, Nourishing Mousse, Volumizing Treatment Spray, Replenishing Treatment Mist, Defining Paste, Straightening Smoothing Gloss, Smoothing Glossing Serum, Glossing Shine Serum, Finishing Treatment Crème, Volumizing Root Lift, Texturizing Spray, Detangling Treatment Spray, Men Control Texture, Men Hair and Body Oil, Bath, Body and Hair Oil, and Texture Balm. "Documents" shall be given the broadest

RESPONSE TO NON-PARTY AMAZON SERVICES,
LLC'S MOTION FOR A PROTECTIVE ORDER - 1

TERRELL MARSHALL LAW GROUP PLLC
936 North 34th Street, Suite 300
Seattle, Washington  98103-8869
TEL. 206.816.6603 • FAX 206.319.5450
www.terrellmarshall.com

1

meaning possible consistent with the Federal Rules of Civil Procedure and includes any electronically stored information.

2

*See* Ex. 1 to Declaration of William H. Anderson ("Anderson Decl.") filed contemporaneously

3

herewith.  The subpoena commanded production only to the settlement administrator and

4

exclusively for the purpose of providing constitutionally adequate notice to class members who

5

are Amazon customers.  *Id.*  Despite Plaintiffs' best efforts to explore a resolution that would

6

avoid litigation, to date, Amazon has flatly refused to produce this information absent a Court

7

order, and Amazon is in sole possession of the information.  *See* Declaration of William H.

8

Anderson at ¶ 8.

9

After two years of hard-fought litigation and four sessions of mediation, the Lawsuit

10

settled on a class-wide basis in July, 2016, and oral argument on the unopposed motion for

11

preliminary approval was heard on August 1, 2016.  *See* Anderson Decl. at ¶ 4.  During the

12

preliminary approval hearing Judge Wright raised two issues, which the parties addressed

13

through a subsequent filing made on September 13, 2016.  *See* Anderson Decl. at ¶ 4.

14

Following that filing, Judge Wright issued an order on October 28, 2016 granting preliminary

15

approval and ordering the dissemination of notice to all class members by email and/or U.S.

16

mail.  *See* Anderson Decl. Ex. 2.

17

The proposed settlement provides a non-revertible common fund of $26,250,000, with

18

an individual claimant cap of $20,000.  *See Id.* at Pgs. 4-5.  Pursuant to the terms of the

19

preliminary approval order, the parties have 60 days from the date preliminary approval was

20

granted (October 28, 2016) to disseminate notice through the designated settlement

21

administrator to settlement class members, defined as all persons in the United States who

22

purchased WEN Haircare Products between November 1, 2007 and September 19, 2016.  *See*

23

Anderson Decl. Ex. 2 at Pgs. 4, 7.

24

WEN Haircare Products are sold through major retailers such as Guthy-Renker, QVC,

25

Sephora, Overstock and Amazon.  While the proposed settlement provides a release to

26

Defendants, significantly, retailers such as Amazon, stand to receive a release as well.  *See*

27

Anderson Decl. Ex. 3.  In preparation for meeting the requirements of Rule 23(c)(2)(B), which

RESPONSE TO NON-PARTY AMAZON SERVICES,
LLC'S MOTION FOR A PROTECTIVE ORDER - 2

directs that the parties provide "the best notice that is practicable under the circumstances, including individual notice to all members who can be identified through reasonable effort," the parties to the Lawsuit issued subpoenas duces tecum to several third-party retailers—including Amazon—that sold WEN Haircare Products, seeking the names and contact information of individually identifiable class members so as to provide the best and most direct method of notice possible under the circumstances.  QVC, Sephora and Overstock have agreed to comply with subpoenas requesting customer name and contact data, but Amazon has refused.

With a market capitalization of $387.65 billion and 268,900 employees, Amazon Services, LLC is one of the largest corporations in the United States, and, indeed, the world. Plaintiffs in the above-captioned action are individuals who sustained, among other things, significant hair loss after using WEN Haircare Products designed and manufactured by Guthy-Renker LLC and WEN by Chaz Dean, Inc., and sold by Amazon.  The allegations of the lawsuit are serious by any standard. The products at issue garnered more complaints to the FDA than any cosmetic product in history. *See* Anderson Decl. Ex. 4. And the damages claimed by users of WEN Haircare Products are substantial, highlighting the need for a robust notice program:



RESPONSE TO NON-PARTY AMAZON SERVICES, LLC'S MOTION FOR A PROTECTIVE ORDER - 3

TERRELL MARSHALL LAW GROUP PLLC
936 North 34th Street, Suite 300
Seattle, Washington  98103-8869
TEL. 206.816.6603 • FAX 206.319.5450
www.terrellmarshall.com

## II.    SUMMARY OF ARGUMENT

In its motion seeking a protective order, Amazon makes a series of unavailing arguments—none of which stand up to scrutiny. First, Amazon makes unsubstantiated claims of burden.  Second, Amazon argues that providing the requested information directly to the settlement administrator violates its privacy policy, when it clearly does not.  Next, Amazon argues that the theoretical possibility of additional requests for information from unnamed plaintiffs should trump the provision of the requested information in this specific case.  Finally, Amazon argues that direct notice to the Amazon customers that purchased WEN Haircare Products is simply unnecessary.

Notwithstanding Amazon's statements to the contrary, the requested discovery is not burdensome, nor is it of marginal value.  Rather it is essential to the provision of constitutionally adequate notice to members of the class.  Plaintiffs provided a list of Amazon Standard Identification Numbers ("ASIN") for each product at issue.  On October 5, 2016, Amazon asked for the ASIN list in "native format" and Plaintiffs promptly provided it the same day.  *See* Anderson Decl. at ¶ 7.  Amazon's counsel suggested during the October 19, 2016, meet and confer that the cost of compliance with the subpoena would likely be single digit thousands of dollars.  *See* Anderson Decl. at ¶ 8.  When Plaintiffs' counsel asked whether compensation for these costs would obviate the need for motion practice, the answer was, as evidenced by Amazon's motion, a resounding no.  *See* Anderson Decl. at ¶ 8.  For a company of Amazon's size, a basic database query simply is not burdensome.  Indeed, Amazon has likely wasted more money than the cost of gathering this basic information by filing its meritless motion for a protective order.  This Court should not reward Amazon's recalcitrance with an award of costs for the collection of the requested data.

Additionally, as Amazon well knows, the requested information does not violate the Amazon Privacy Policy for at least three reasons: (1) provision of the information is necessary to "comply with the law" as the request was made through a lawfully issued subpoena; (2) the

RESPONSE TO NON-PARTY AMAZON SERVICES,
LLC'S MOTION FOR A PROTECTIVE ORDER - 4

**TERRELL MARSHALL LAW GROUP PLLC**
936 North 34th Street, Suite 300
Seattle, Washington  98103-8869
TEL. 206.816.6603 • FAX 206.319.5450
www.terrellmarshall.com

information is not being used "for commercial purposes;" and (3) provision of the information is necessary because of the safety issues implicated.

Amazon fails to cite a single case in which a Court refused to compel production of a class list in the context of a class action settlement. Indeed, in the only case cited by Amazon dealing with an analogous situation—*Ostrowski v. Amazon.com, Inc*., No. C16-1378-JCC, 2016 WL 4992051 (W.D. Wash. Sept. 16, 2016)—the Court characterized the privacy arguments advanced by Amazon as "disingenuous" and stated that they "wholly lack merit." In reality, Plaintiffs have no viable alternative means of securing this information. Amazon well knows this fact. Apparently, Amazon believes that the minimal intrusion of an email or letter informing its customers of this settlement is worse than failing to provide notice to individuals that may have been or continue to be seriously harmed by the products it sold.

### III.   ARGUMENT

#### A.   Plaintiffs' Single Request Is Narrowly Tailored and Not Burdensome

Amazon cites several cases for the proposition that the information requested by Plaintiffs is too burdensome to require production. Each of these cases is readily distinguishable from the situation at hand.

First, Amazon cites *Arista Records LLC v. Lime Grp. LLC*, 2011 WL 679490, at *5 (W.D. Wash. Feb. 9, 2011). *Arista* involved claims of copyright infringement by 13 record labels. *Id*. at 1. The Defendant attempted to secure wide-ranging discovery including communications with the 13 plaintiffs by over 1,000 Amazon employees, as well as sales data and the contracts relating to more than 11,000 songs. *Id*. at 1, 2. All of the information sought was available from the Plaintiffs. *Id*. Thus, *Arista* stands for the unremarkable proposition that "[t]here is simply no reason to burden nonparties when the documents sought are in possession of the party defendants." *Id*. at 2 (quoting *Nidec Corp. v. Victor Co. of Japan*, 249 F.R.D. 575, 577 (N.D. Cal. 2007).

Here, Plaintiffs do not know the identities or contact information of the individuals who purchased WEN Haircare Products through Amazon. Amazon is in sole possession of the

**TERRELL MARSHALL LAW GROUP PLLC**
936 North 34th Street, Suite 300
Seattle, Washington  98103-8869
TEL. 206.816.6603 • FAX 206.319.5450
www.terrellmarshall.com

1  information and it is unavailable from any other source.  Amazon's vague suggestions to the

2  contrary are baseless.

3        Next, Amazon cites *Cusumano v. Microsoft Corp*., 162 F.3d 708 (1st Cir. 1998).

4  *Cusumano* involved a third-party subpoena by Microsoft to two professors (one from Harvard

5  and one from MIT) who wrote a book about Netscape's battle with Microsoft.  *Id*.at 711.

6  Microsoft sought the information in order to defend against an antitrust case filed against it.  *Id*.

7  Ultimately, the First Circuit found on First Amendment grounds that the information at issue

8  constituted investigative materials gleaned through pre-publication academic research and

9  refused to enforce the subpoena.  *Id*. at 717.  Put simply, *Cusumano* has absolutely no bearing

10  on the instant motion.

11        Finally, Amazon cites *Dart Indus. Co. v. Westwood Chem. Co*., 649 F.2d 646 (9th Cir.

12  1980) for the hopelessly vague proposition that courts should have increased consciousness

13  about the excesses of discovery.  *Id*. at 649; Amazon Memo at P. 3.  What Amazon fails to

14  explain about *Dart* was that it involved an effort to secure discovery from a nonparty that had

15  years earlier reached a settlement with the very plaintiff seeking the discovery.  *Dart Indus.*

16  *Co*., 649 F.2d at 648.  The case turned upon, and the court ultimately determined that the prior

17  settlement agreement precluded the nonparty from having to participate in discovery.  *Id*.

18        Plaintiffs here have reached no settlement with Amazon, which plainly establishes that

19  the *Dart* case has no relevance to the instant motion.

20        "An evaluation of undue burden requires the court to weigh the burden to the

21  subpoenaed party against the value of the information to the serving party."  *Moon v. SCP Pool*

22  *Corp*., 232 F.R.D. 633, 637 (C.D. Cal. 2005) (internal quotation omitted).  Factors to be

23  considered include the "need of the serving party, breadth of the request, and the time covered

24  by it."  *Arista*, 2011 WL 679490 at *3 (internal citation omitted).

25        Here, Plaintiffs made a single request to Amazon.  *See* Anderson Decl. Ex. 1.  Plaintiffs

26  provided the ASIN numbers to make the search as easy as possible for Amazon.  *See* Anderson

27  Decl. at ¶ 7.  Then Plaintiffs provided the ASIN list in native format at Amazon's request.  *See*

RESPONSE TO NON-PARTY AMAZON SERVICES,
LLC'S MOTION FOR A PROTECTIVE ORDER - 6

**TERRELL MARSHALL LAW GROUP PLLC**
936 North 34th Street, Suite 300
Seattle, Washington  98103-8869
TEL. 206.816.6603 • FAX 206.319.5450
www.terrellmarshall.com

Anderson Decl. at ¶ 7.  Plaintiffs did not request information concerning which WEN Haircare Products class members purchased, when they purchased or how much they spent.  Plaintiffs seek only names and contact information.  Amazon is in sole possession of the information and Plaintiffs seek that this extremely limited data be shared only with the settlement administrator for the sole purpose of providing notice to class members.

In sum, without this class member information, which resides solely in Amazon's possession, Plaintiffs will have no means of providing the best notice practicable to these customers.  The request is tailored as narrowly as possible to accomplish the goal of providing notice to individuals that may have sustained serious injuries and will be shared only with a sophisticated settlement administrator who possesses the skill and technical capability of protecting the information. Indeed, the settlement administrator—Dahl Administration—sent Amazon a draft confidentiality agreement to assuage any concerns about how the information will be handled.  Amazon raised concerns about the confidentiality agreement, but when Plaintiffs pressed for specific information regarding any perceived deficiency and a redline of how Amazon would like the confidentiality agreement to be restructured, Amazon failed to provide specifics or a redline.  The information sought is not of the type that would warrant more serious protection, such as financial data, or medical or mental health history.  On balance, the value of this information, which is essential to the notice program, far outweighs the minimal burden imposed on one of the world's largest and most successful companies.

**B.    Plaintiffs' Single Request Does Not Violate Amazon's Privacy Policy**

Amazon erroneously argues that the subpoena at issue should be quashed because it seeks "private and highly confidential information identifying Amazon customers."  *See* Anderson Decl. Ex. 5.  Amazon goes on to argue that "Plaintiffs' demand violates the reasonable privacy and security expectations of those customers."  *Id.* Amazon's assertions have no basis in fact or law.

Amazon's Privacy Policy has general limitations regarding when the information requested may be disclosed:

**TERRELL MARSHALL LAW GROUP PLLC**
936 North 34th Street, Suite 300
Seattle, Washington  98103-8869
TEL. 206.816.6603 • FAX 206.319.5450
www.terrellmarshall.com

> Protection of Amazon.com and Others: We release account and other personal information when we believe release is appropriate to comply with the law; enforce or apply our Conditions of Use and other agreements; or protect the rights, property, or safety of Amazon.com, our users, or others.

Amazon Privacy Policy. *See* Anderson Decl. Ex. 6.

Thus, Amazon's Privacy Policy does not prohibit it from disclosing contact information to the settlement administrator for at least three independent reasons. First, since the disclosure is not "for commercial purposes," it does not run afoul of Amazon's Privacy Policy. *See* Anderson Decl. Ex. 6. Second, the requested information comes from a lawfully issued subpoena and provision of the information is necessary to comply with the law. Indeed, Amazon's privacy policy states: "[w]e release account and other personal information when we believe release is appropriate to comply with the law; enforce or apply our Conditions of Use and other agreements; or protect the rights, property, or safety of Amazon.com, our users or others." The fact that the provision of this information is necessary to comply with a lawful subpoena is independently sufficient to address any concerns regarding compliance with the Amazon Privacy Policy. Finally, the safety component of this case further justifies the limited disclosure requested by Plaintiffs. While the percentage of customers experiencing hair loss after use of WEN Haircare Products is relatively small, as the picture above demonstrates, the consequences of use can be severe by any definition.

In support of its claim of privacy and security concerns, Amazon cites *Amazon.com LLC v. Lay*, 758 F.Supp.2d 1154 (W.D. Wash 2010). While it is true that the court in *Lay* did refuse to force Amazon to disclose customers' names and addresses, the context of that case was fundamentally different. First, that case involved an effort by the North Carolina Department of Revenue to force the payment of taxes by Amazon's customers, where here Plaintiffs seek to provide an opportunity to Amazon customers to receive money. And in *Lay* there was no confidentiality agreement to protect the information requested. What is more, the court in *Lay* determined that the First Amendment and Video Privacy Protection Act precluded

RESPONSE TO NON-PARTY AMAZON SERVICES, LLC'S MOTION FOR A PROTECTIVE ORDER - 8

TERRELL MARSHALL LAW GROUP PLLC
936 North 34th Street, Suite 300
Seattle, Washington  98103-8869
TEL. 206.816.6603 • FAX 206.319.5450
www.terrellmarshall.com

1   disclosure.  *Id.* at 1169-70.  The instant motion does not implicate the First Amendment or the

2   VPPA.

3          Having lost a nearly identical motion pertaining to a subpoena for a class list in a settled

4   class action in this court just last month, Amazon takes great pains to distinguish and criticize

5   Judge Coughenour's opinion in *Ostrowski v. Amazon.com Inc.*  In reality, the same lawyers

6   representing Amazon here urged Judge Coughenour to quash the subpoena in *Ostrowski*

7   employing all or nearly all the same arguments pushed by Amazon once again here:  (1) Rule

8   23 does not require direct notice; (2) provision of the information would violate the privacy of

9   Amazon's customers; and (3) production of the class list would be unduly burdensome.

10  *Ostrowski*, 2016 WL 4992051 at *1-*2.  Judge Coughenour, considered each argument in turn

11  and ordered the production within seven days.  *Id.* ("notice publication should only be used

12  where there is not reasonable access to class members direct contact information,"

13  "Respondent's [Amazon's] alleged customer privacy concerns wholly lack merit and are

14  disingenuous…" and "[c]omplaints that this request is unduly burdensome are curious.")

15  (internal citations omitted).

16  **C.    Amazon's Claim of Cumulative Burden is Unsubstantiated and Irrelevant to the
            Instant Subpoena**

17         Amazon's claim of cumulative burden is entirely unsubstantiated and the cases cited by

18  Amazon are woefully inapt.  First, each of the cases relied upon to establish cumulative burden

19  involved a federal government agency. Amazon is not a federal governmental entity.  Second,

20  in each of the cases cited by Amazon the nonparty was asked to produce an employee (or

21  employees) for deposition, in some instances potentially taking foremost experts away from

22  important work on a world health crisis.  Plaintiffs have not requested a deposition here, only a

23  basic database query that could be performed by any number of Amazon employees.  Finally,

24  in each case relied upon by Amazon, the basis for rejecting the subpoena was 5 U.S.C. § 301, a

25  housekeeping statute for federal agencies that plainly does not apply to Amazon.

26

27

RESPONSE TO NON-PARTY AMAZON SERVICES,
LLC'S MOTION FOR A PROTECTIVE ORDER - 9

**TERRELL MARSHALL LAW GROUP PLLC**
936 North 34th Street, Suite 300
Seattle, Washington  98103-8869
TEL. 206.816.6603 • FAX 206.319.5450
www.terrellmarshall.com

1   In support of its claim of cumulative burden, Amazon cites *Exxon Shipping Co. v. U.S.*

2   *Dept. of Interior*, 34 F.3d 774 (9th Cir. 1994), a case bearing no relation to the instant situation.

3   In *Exxon*, five federal government agencies were sued to compel discovery in the Exxon

4   Valdez oil spill lawsuit. *Id*. at 775.  Unlike this case where Plaintiffs seek a narrow set of

5   information exclusively in the hands of Amazon, in Exxon, far reaching discovery was sought

6   from five different federal agencies. *Id*.  And significantly the argument in *Exxon*, centered on

7   whether 5 U.S.C. § 301 permitted the agencies to refuse to produce witnesses for deposition.

8   As noted, Amazon is not a governmental actor and Plaintiffs here do not seek far-reaching

9   discovery.

10   Amazon also relies upon *Moore v. Armour Pharmaceuticals*, 927 F.2d 1194 (11th Cir.

11   1991), another case involving the federal government, and another case where the subpoena

12   was refused on the basis of 5 U.S.C. 301.  *Id*. at 1197.  In *Moore*, the parents of children with

13   hemophilia who were allegedly infected with the HIV virus after blood transfusions moved to

14   compel testimony from one of the foremost AIDS researchers in the world on a topic the court

15   indicated was so broad that his testimony could last for "months." *Id*. at 1198.  Weighing the

16   burdens, the court stated, "[t]he plaintiffs' interest in getting the deposition of Dr. Evatt simply

17   cannot compare to the government's interest in maximizing the use of its limited resources in

18   dealing with a national health crisis.  Each day that Dr. Evatt and other doctors employed by

19   the CDC spend giving deposition testimony is a day they are kept from doing research that

20   might save numerous lives." *Id*. at 1197-98.  To compare the burden placed on an agency

21   through the loss of a world-renowned researcher attempting to address a world health crisis to

22   the burden on Amazon to collect a list of readily accessible customer names and contact

23   information is to compare the Grand Canyon to a crack in the sidewalk—there is no

24   comparison.

25   Similarly misplaced is Amazon's reliance on *Davis Enterprises v. U.S. E.P.A.*, 877 F.2d

26   1181 (3rd Cir. 1989) and *Solomon v. Nassau Cnty.*, 274 F.R.D. 455 (E.D.N.Y. 2011).  Both

27   *Davis* and *Solomon*, involved yet another situation in which federal government employees

RESPONSE TO NON-PARTY AMAZON SERVICES,
LLC'S MOTION FOR A PROTECTIVE ORDER - 10

TERRELL MARSHALL LAW GROUP PLLC
936 North 34th Street, Suite 300
Seattle, Washington  98103-8869
TEL. 206.816.6603 • FAX 206.319.5450
www.terrellmarshall.com

1   were subpoenaed for deposition testimony, and yet another instance in which the basis for the

2   refusal to put forward the federal government employee was predicated on the housekeeping

3   authority found in 5. U.S.C. §301.  *Davis*, 877 F.2d at 1184; *Solomon*, 274 F.R.D. at 457.

4        In sum, Amazon has made no effort to substantiate any claim of cumulative burden

5   because there is none. Providing the information requested will admittedly take only a few

6   hours of time and in the range of $5,000 in costs.  (Declaration of William Anderson at ¶ 8).

7   As a result, Amazon should be compelled to produce the requested list of class members with

8   their contact information forthwith.

9   **D.      Direct Notice is the Best Notice Practicable**

10        Amazon finally argues that its customers can receive notice by publication instead of

11  receiving direct notice.  However, this argument ignores the requirements of Rule 23.

12        In addition to the requirements of Rule 23(c)(2)(B), which directs that the parties

13  provide "the best notice that is practicable under the circumstances, including individual notice

14  to all members who can be identified through reasonable effort," Rule 23(e)(1) applies to any

15  class settlement and requires the Court to "direct notice in a reasonable manner to all class

16  members who would be bound by a proposal." Fed. R. Civ. P. 23.  *See Eisen v. Carlisle &*

17  *Jacquelin*, 417 U.S. 156, 177 (l 974) (holding that the parties to a class action settlement must

18  provide "individual notice to all members who can be identified through reasonable effort'");

19  *Mullane v. Central Hanover Bank & Trust Co*., 339 U.S. 306, 314-15 (1950) ("An elementary

20  and fundamental requirement of due process in any proceeding which is to be accorded finality

21  is notice reasonably calculated, under all the circumstances, to apprise interested parties of the

22  pendency of the action and afford them an opportunity to present their objections .. .. But when

23  notice is a person's due, process which is a mere gesture is not due process.").  Here, pursuant

24  to the settlement agreement, individual notice will be provided to all settlement class members

25  that Defendants or the third party retailers can identify to the settlement administrator.  This

26  requires the parties to make a "reasonable effort" to obtain such data.  It would require only

27

RESPONSE TO NON-PARTY AMAZON SERVICES,
LLC'S MOTION FOR A PROTECTIVE ORDER - 11

**TERRELL MARSHALL LAW GROUP PLLC**
936 North 34th Street, Suite 300
Seattle, Washington  98103-8869
TEL. 206.816.6603 • FAX 206.319.5450
www.terrellmarshall.com

modest effort from Amazon to comply with the subpoena and provide the information to the settlement administrator.

For years, courts throughout the United States have required third parties to provide settlement class member identification data, either voluntarily or through subpoena, to assist in providing notice of a class action settlement, even where—unlike here—the data involved sensitive securities transactions. *See, e.g., ln re Franklin Nat. Bank Sec. Litig.*, 574 F.2d 662, 668, 675 (2nd Cir. 1978) ("we are wholly at a loss to understand why plaintiff has not already used the subpoena duces tecum procedure against these brokerage houses and sought co-operation with them" to identify the beneficial owners); *Connett v. Justus Enterprises of Kansas, Inc.*, 1991 WL 58356, at* 1 (D. Kansas Apr. 5, 1991) (approving plaintiffs proposed notice plan, whereby "Plaintiff further proposes that those brokers and financial institutions which are not defendants in this action may be compelled to provide this information through the use of subpoenas duces tecum"); *Peil v. Nat'l Semiconductor Corp.*, 1986 WL 11699, at *6 (E.D. Pa. Oct. 16, 1986) ("If after these efforts, any nominees are still unwilling to identify or notify beneficial purchasers for purposes of this class action, plaintiff shall issue subpoena duces tecum to recalcitrant nominees. Issuing a subpoena seeking the identity of settlement class members falls within this court's power under Fed.R.Civ.P. 23(d) 'to order one of the parties to perform the tasks necessary to send notice.'") (citing *Oppenheimer Fund v. Sanders*, 437 U.S. 340, 354-55 & nn. 21, 23 (1978)); *Berland v. Mack*, 48 F.R.D. 121, 133 (S.D.N.Y. 1969). Amazon has yet to explain why this law does not apply to it.

## V. CONCLUSION

The Court should issue an order compelling Amazon to comply with the subpoena and produce a list containing the names and contact information of each individual who purchased WEN Haircare Products.

**TERRELL MARSHALL LAW GROUP PLLC**
936 North 34th Street, Suite 300
Seattle, Washington  98103-8869
TEL. 206.816.6603 • FAX 206.319.5450
www.terrellmarshall.com

1        RESPECTFULLY SUBMITTED AND DATED this 2nd day of November, 2016.

2                                       TERRELL MARSHALL LAW GROUP PLLC

3

4                              By:   /s/ Beth E. Terrell, WSBA #26759
                                     Beth E. Terrell, WSBA #26759
5                                    Email:  bterrell@terrellmarshall.com
                                     936 North 34th Street, Suite 300
6                                    Seattle, Washington  98103-8869
                                     Telephone:  (206) 816-6603
7                                    Facsimile:  (206) 319-5450

8
                                     William Anderson
9                                    Email:  wanderson@cuneolaw.com
                                     CUNEO GILBERT & LADUCA, LLP
10                                   4725 Wisconsin Avenue, NW, Suite 200
                                     Washington, DC  20016
11                                   Telephone:  (202) 789-3960
                                     Facsimile:  (202) 789-1813
12
                                     Brian Warwick
13                                   Email:  bwarwick@varnellandwarwick.com
                                     VARNELL & WARWICK, P.A.
14                                   P.O. Box 1870
                                     Lady Lake, Florida  32158
15                                   Telephone:  (352) 753-8600
                                     Facsimile:  (352) 504-3301
16
                                     *Attorneys for Plaintiffs*
17

18

19

20

21

22

23

24

25

26

27

RESPONSE TO NON-PARTY AMAZON SERVICES,
LLC'S MOTION FOR A PROTECTIVE ORDER - 13

1

CERTIFICATE OF SERVICE

2      I, Beth E. Terrell, hereby certify that on November 2, 2016, I electronically filed the

3 foregoing with the Clerk of the Court using the CM/ECF system which will send notification of

4 such filing to the following:

5          Vanessa Soriano Power, WSBA #30777
6          Email:  vanessa.power@stoel.com
           STOEL RIVES LLP
7          600 University Street, Suite 3600
           Seattle, Washington  98101-3197
8          Telephone: (206) 624-0900
           Facsimile: (206) 386-7500
9
10         *Attorneys for Amazon Services LLC*

11      DATED this 2nd day of November, 2016.

12                         TERRELL MARSHALL LAW GROUP PLLC

13                         By:    /s/ Beth E. Terrell, WSBA #26759
14                                Beth E. Terrell, WSBA #26759
                                  Email: bterrell@terrellmarshall.com
15                                936 North 34th Street, Suite 300
                                  Seattle, Washington  98103
16                                Telephone:  (206) 816-6603
                                  Facsimile:  (206) 319-5450
17
18                         *Attorneys for Plaintiffs*

19

20

21

22

23

24

25

26

27

RESPONSE TO NON-PARTY AMAZON SERVICES,
LLC'S MOTION FOR A PROTECTIVE ORDER - 14